26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
David Anthony McDONALD, II, Appellant.
 No. 93-4022.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 9, 1994.
Filed: June 8, 1994.
 
 Appeal from the United States District Court for the District of Minnesota.
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Anthony McDonald appeals his 41-month sentence imposed by the district court[1] after he pleaded guilty to bank robbery, in violation of 18 U.S.C. Sec. 2113(a). We affirm.
 
 
 2
 McDonald presented a demand note to a teller during the robbery, and he later destroyed the note. At sentencing, the government contended that McDonald's note stated, "[give me the money] or I will shoot," and that McDonald should receive a two-level enhancement under U.S.S.G. Sec. 2B3.1(b)(2)(F) because the note contained an express threat of death. McDonald claimed that his note said, "[give me the money] and I won't shoot." He argued that, while this statement might imply a threat of death, the threat was not express, and noted that each of the examples under the Guidelines stated a positive, explicit threat. Concluding either statement constituted an express threat of death, the court imposed the two-level enhancement, sentenced McDonald to 41 months imprisonment and two years supervised release, and ordered him to pay $70 in restitution.
 
 
 3
 On appeal, McDonald argues the court erred in holding that his note was an express threat of death under section 2B3.1(b)(2)(F).
 
 
 4
 Section 2B3.1(b)(2)(F) provides that a defendant's offense level should be increased by two levels "if an express threat of death was made." The threat may be in the form of an oral or written statement, act, gesture, or combination thereof; examples provided include "Give me the money or I will shoot you." Section 2B3.1, comment. (n.6). The enhancement should be applied where the defendant's conduct would instill in a reasonable victim "significantly greater fear than that necessary to constitute an element of the offense of robbery." Id.
 
 
 5
 In United States v. Smith, 973 F.2d 1374, 1375 (8th Cir. 1992), a robber presented a demand note, the teller asked if he was joking, and the robber put his hand in his coat, saying, "You don't want to find out." We held that these combined words and gesture "constituted an express threat of death and instilled greater fear than necessary to carry out the robbery." Id. at 1378. McDonald's threat was more express still. Although McDonald argues his threat was not express because it was phrased in the negative, his words indicated he would shoot if the teller did not do as he ordered. The district court correctly concluded that this would instill in a reasonable teller a fear of death, i.e., a greater fear than was necessary to carry out the robbery.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota